IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMBER BURNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.:_____ Judge:_____ |
| UNIVERSITY OF TENNESSEE-KNOXVILLE, | ) ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, Amber Burnett, and sues the Defendant, and for cause of action would show unto this Honorable Court as follows:

1. The Plaintiff, Amber Burnett, is a citizen and resident of Knoxville, Knox County, Tennessee.

2. Defendant, University of Tennessee-Knoxville (hereinafter "UT-K"), is a land grant university established and authorized under the laws of the State of Tennessee, which provides undergraduate and graduate educational programs at various campuses located in the State of Tennessee including, but not limited to, the campus located in Knoxville, Tennessee. The Defendant may be served through Catherine Mizell, Office of General Counsel, 719 Andy Holt Tower, Knoxville, Tennessee 37996-0170.

3. Jurisdiction is founded upon the existence of a Federal question pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f). Venue is proper under the code provisions of 28 U.S.C. § 1391 (b) and (c).

1

4. Defendant, UT-K, is an employer engaging in an industry affecting commerce, employing more than 20 regular employees in the State of Tennessee.

5. At all times mentioned herein, Defendant employed in excess of 501 employees.

6. At all times mentioned herein, the Defendant was an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

7. Plaintiff is female.

8. Plaintiff was first hired to work by Defendant, UT-K, on or about November 18, 2006, as a Veterinary Assistant and she remained an employee of Defendant until she was discharged on or about August 14, 2007.

9. During her employment, the Plaintiff was never written up or disciplined and performed her job in a competent and satisfactory manner.

10. During her employment with Defendant, Plaintiff reported to Carolyn Wilson the Facilities Manager at Defendant's Large Animal Clinic. Ms. Wilson reported to Dr. Robert Holland, Professor and Chair of the College of Veterinary Medicine at UT-K.

11. At all times mentioned herein, Carolyn Wilson was an employee and agent of Defendant.

12. At all times mentioned herein, Carolyn Wilson had the authority to discipline the Plaintiff, and she had the authority to fire the Plaintiff.

13. At all times mentioned herein, Dr. Robert Holland was an employee and agent of Defendant.

2

14. At all times mentioned herein, Dr. Robert Holland had the authority to discipline the Plaintiff, and he had the authority to fire the Plaintiff.

15. During late May, 2007, the Plaintiff discovered she was pregnant and thereafter reported her pregnancy to Carolyn Wilson.

16. Plaintiff advised Ms. Wilson that it was her intention to continue to work throughout her pregnancy.

17. Plaintiff alleges that after Plaintiff became pregnant, Carolyn Wilson's attitude towards her changed and she ultimately became negative towards her and made negative comments about Plaintiff's ability to perform the Veterinary Assistant position due to her pregnancy.

18. Thereafter, even though Plaintiff was able to perform all the functions of her job as she had done during her entire period of employment, she was placed on administrative leave effective July 19, 2007. (Letter attached as Exhibit 1).

19. On or about August 2, 2007, Plaintiff was called to a meeting in which Ms. Wilson was present. In addition to Ms. Wilson, Mary Lucal, Human Resource Assistant, and Robert Holland, Professor and Chair of the College of Veterinary Medicine and his Secretary, Catheryn were also present at this meeting.

20. During the August 2, 2007 meeting, Plaintiff was advised that due to her pregnancy she could not continue to work in the College of Veterinary Medicine.

21. Plaintiff attempted to explain to them that she could perform all of her job duties but they refused to even discuss the situation with her. Plaintiff again suggested they contact her doctor directly.

3

22. During the August 2, 2007 meeting referenced herein, Plaintiff advised Wilson, Holland and Lucal that their actions were clearly discriminatory due to her pregnancy and that it was illegal.

23. After lodging her complaints of protected activity, Wilson, Holland and Lucal became visibly upset and refused to even speak with Plaintiff further about her employment situation and the meeting was abruptly concluded.

24. After the August 2, 2007 meeting, the attitude of the individuals referenced above changed dramatically. Instead of being friendly to Plaintiff, they were hostile or would give her the cold shoulder. When Plaintiff attempted to further discuss this situation regarding her continued employment, her requests were summarily refused.

25. Plaintiff then received correspondence from Dr. Robert Holland dated August 14, 2007 stating "unless you [Plaintiff] can obtain another position or return to work with documentation from your [Plaintiff's] physician stating that you [Plaintiff] can perform all the essential functions of your [Plaintiff's] Veterinary Assistant position, we will accept your [Plaintiff's] resignation effective Friday, August 24, 2007." (Copy attached as Exhibit 2).

26. After receiving Dr. Holland's letter, Plaintiff once again attempted to speak with Defendant's agents and employees about continuing her employment at the College of Veterinary Medicine, but again was met with animosity and was refused the opportunity to even discuss the situation.

27. Plaintiff then provided additional information from her physician, Dr. Heather Moss in an attempt to further establish that Plaintiff could perform all the necessary job duties of the

4

Case 3:09-cv-00017-RLJ-HBG Document 1 Filed 01/12/09 Page 4 of 6 PageID #: 4

Veterinary Assistant position. However, instead of discussing the situation, Plaintiff was terminated effective August 24, 2007.

28. Plaintiff alleges that she was discriminated against because of her sex due to her pregnancy, and was retaliated against as a result of her good faith complaints of sex/pregnancy discrimination.

29. On or about November 6, 2007, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission. (A true and exact copy of said charge is attached hereto as Exhibit 3, and same is incorporated herein by express reference).

30. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission dated October 15, 2008. (A true and exact copy of same is attached hereto as Exhibit 4, and same is incorporated herein by express reference).

31. Plaintiff alleges that she has satisfied all of the procedural and administrative requirements of § 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission, and by filing this Complaint within 90 days from the receipt of the Right to Sue letter.

32. The conduct of the Defendant as alleged herein constitutes discrimination against Plaintiff affecting a term, condition, or privilege of employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

33. The conduct of the Defendant as alleged herein constitutes retaliation for Plaintiff's opposition to sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

34. As a result of the Defendant's actions, the Plaintiff has lost tangible job benefits, including a loss of income and benefits, both past and future, and has suffered and will continue to suffer irreparable injury, emotional distress, humiliation and embarrassment, and other pecuniary losses as a direct result of Defendant's actions.

WHEREFORE, Plaintiff prays for the following relief, to-wit:

1. Compensatory damages, including front pay (or alternatively reinstatement if this court deems that appropriate).

2. Prejudgment interest.

3. Reasonable attorney's fees.

4. The costs of this action.

5. A jury to try this cause.

6. A mandatory injunction requiring Defendant to abide the dictates of Title VII and ordering any other actions this Court deems appropriate.

RESPECTFULLY SUBMITTED this the 12th day of January, 2009.

BURKHALTER, RAYSON & ASSOCIATES, P.C.

*[signature]*

David A. Burkhalter II, BPR# 004771
Ronald A. Rayson, BPR# 013393
Attorneys for Plaintiff
P.O. Box 2777
Knoxville, TN 37901-2777
(865) 524-4974